UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGDALINA KALINCHEVA,

    Plaintiff,

    v.

JESSE NEUBARTH,

    Defendant.

_____/

No. C 14-2705 PJH

**ORDER TRANSFERRING CASE FOR IMPROPER VENUE**

    Pro se plaintiff Magdalina Kalincheva initiated this action on June 11, 2014, by filing seven ex parte applications seeking various types of relief, plus a motion for leave to proceed in forma pauperis ("IFP").  On June 18, 2014, the court issued an order directing plaintiff to file a complaint.  On July 22, 2014, plaintiff filed a complaint, and on July 24, 2014, filed two additional motions, seeking relief similar to what was requested in the previously-filed ex parte applications.

    Also on July 24, 2014, the court issued an order to show cause ("OSC") why the case should not be transferred to the Eastern District of California.  The court noted that based on the allegations in the complaint and the information contained in documents attached to the complaint, both parties were domiciled in the Eastern District, and that "a substantial part of the events or omissions giving rise to the claim occurred" there.  Thus, the court concluded, under 28 U.S.C. § 1391(b)(1), (2), venue is appropriate in the Eastern District, not in the Northern District of California.

    On August 5, 2014, plaintiff submitted a response to the OSC, stating that she objects to venue in the Eastern District of California because judges in that district have issued rulings adverse to her position in cases she previously filed there or which were

transferred there.  She also argues that venue is not proper in the Eastern District because she is not "domiciled" there, but is instead being held "hostage" in Stockton, California, by virtue of extreme poverty, and does not want to remain in Stockton.  She does not address the question whether venue is proper in this District, but requests that venue be transferred to "any district of any other state which will order immediate relief" under the Immigration and Nationality Act.

The court finds that venue is not proper in the Northern District of California.  Under the general federal venue statute, a civil action may be brought (1) in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in a judicial district in which a substantial part of the events giving rise to the claim occurred; or, (3) if there is no district in which the action may otherwise be brought, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action.  28 U.S.C. § 1391(b).

Here, defendant is domiciled in Bakersfield, Kern County, and the events giving rise to the complaint appear to have occurred in San Joaquin County.  Both Kern County and San Joaquin County are located in the Eastern District of California.  There are no allegations that defendant has any contact with this District, or that any of the alleged events occurred here.  Thus, venue is proper in the Eastern District under both (1) and (2), and is not proper in this District.

If a plaintiff initiates an action in the wrong district, the court is required to either dismiss the action for improper venue, or transfer it to any district where venue is proper.  28 U.S.C. § 1406(a).  Accordingly, the action is hereby ORDERED transferred to the Eastern District of California.

**IT IS SO ORDERED.**

Dated:  August 7, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge